IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MAURICE O'NEAL BANKS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 07-967** |
| | : | |
| **WARDEN MCFADDEN, et al.** | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                        **May 29, 2009**

      Now before the Court is Defendant David Shivone's Motion for Summary Judgment (the "Motion"). For the reasons discussed below, the Motion will be granted.

**I. BACKGROUND**

      This case arises from injuries allegedly sustained by Plaintiff Maurice O'Neal Banks ("Plaintiff") when he was moved from his prison cell on September 24, 2006. Plaintiff alleges that Defendant Shivone, a correctional officer, entered his cell and informed him that he was to be moved to another cell with an inmate named Cooper. Compl. 4. Plaintiff allegedly informed Shivone that he could not have contact with Cooper due to a prior physical altercation. Id. Because Shivone allegedly ignored him and insisted that he pack up his belongings, Plaintiff asked to see the cell block sergeant. Id. Shivone left Plaintiff in his cell for approximately five minutes, and when he returned, he and several other guards allegedly began bending Plaintiff's arms around the bars in his prison cell. Id. Plaintiff alleges that Shivone and the other guards placed handcuffs on his left hand and attempted to pull the cell door open. Id. at 4, 6. When Plaintiff placed his foot on the cell door, Shivone allegedly broke his big toe by kicking his foot

repeatedly.  Id. at 6.  Eventually, the guards let go of Plaintiff's hands, and Shivone removed the handcuffs.  Id.  Plaintiff alleges that Shivone then "smacked [him] with the handcuffs in the right side of [his] face causing a laceration to [his] cheek."  Id.  Plaintiff also alleges that an unnamed prison official refused to permit medical staff to take x-rays of his injuries.  Id. at 7.

Plaintiff filed his pro se Complaint on March 19, 2007, alleging a violation of 42 U.S.C. § 1983 based on the use of excessive force.  On April 19, 2007, Defendants McFadden, Graham, Farina, Zambrana, Boyd, Green, Herncutes, and Forbes moved to dismiss the Complaint because no allegations were made against them.  On Jaunary 11, 2008, the Court issued an Order giving Plaintiff thirty days to amend his pleading by adding any allegations he wished to make against these Defendants.  Because Plaintiff failed to respond to the Order, the Court dismissed the Complaint as to Defendants McFadden, Graham, Farina, Zambrana, Boyd, Green, Herncutes, and Forbes on February 26, 2008 for failure to state a claim.  On November 14, 2008, Shivone, the only remaining Defendant in this action, filed the instant Motion.  To date, Plaintiff has failed to respond.

## II.  LEGAL STANDARD

When a party fails to respond to a properly filed motion, the Court may treat the motion as uncontested.  E.D. Pa. Local R. Civ. P. 7.1(c).  Unlike other motions, however, the Court may not grant an uncontested summary judgment motion without an independent determination that the movant is entitled to judgment under Federal Rule of Civil Procedure 56.  Id.  By failing to respond, "the nonmoving party waives the right to respond to or to controvert the facts asserted in the summary judgment motion.  The court should accept as true all material facts asserted and

properly supported in the summary judgment motion." <u>Reynolds v. Rick's Mushroom Serv.</u>, 246 F. Supp. 2d 449, 453 (E.D. Pa. 2003) (quoting <u>Reed v. Nellcor Puritan Bennett</u>, 312 F.3d 1190, 1195 (10th Cir. 2002)).

In deciding a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, the test is "whether there is a genuine issue of material fact and, if not, whether the moving party is entitled to judgment as a matter of law." <u>Med. Protective Co. v. Watkins</u>, 198 F.3d 100, 103 (3d Cir. 1999) (quoting <u>Armbruster v. Unisys Corp.</u>, 32 F.3d 768, 777 (3d Cir. 1994)). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). The Court must examine the evidence in the light most favorable to the non-moving party and resolve all reasonable inferences in that party's favor. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). However, "there can be 'no genuine issue as to any material fact' . . . [where the non-moving party's] complete failure of proof concerning an essential element of [its] case necessarily renders all other facts immaterial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).

The party moving for summary judgment bears the initial burden of showing the basis for its motion. <u>See</u> <u>Shields v. Zuccarini</u>, 254 F.3d 476, 481 (3d Cir. 2001). If the movant meets that burden, the onus then "shifts to the non-moving party to set forth specific facts showing the existence of [a genuine issue of material fact] for trial." <u>Id.</u>

**III.  DISCUSSION**

As the Supreme Court has explained, "the Eighth Amendment, which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners in cases . . . where the deliberate use of force is challenged as excessive and unjustified."  <u>Whitley v. Albers</u>, 475 U.S. 312, 327 (1986).  In an excessive force claim under the Eighth Amendment, "the central question is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'"  <u>Brooks v. Kyler</u>, 204 F.3d 102, 106 (3d Cir. 2000) (quoting <u>Hudson v. McMillan</u>, 503 U.S. 1, 7 (1992)).  Among the factors relevant to this inquiry are:

> (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of facts known to them; and (5) any efforts made to temper the severity of the forceful response.

<u>Id.</u> (quoting <u>Whitley</u>, 475 U.S. at 321).

Shivone contends that the amount of force used was necessary to carry out the legitimate interests of the prison.  He has attached an affidavit to his Motion in which he disputes the majority of Plaintiff's allegations.[1]  He explains that Plaintiff refused to comply with his order to move to another cell because "he was currently in a cell alone and would have a cell mate in the new cell."  Aff. of David Shivone ¶ 4, attached to Mot. at Ex. 1.[2]  Plaintiff refused to obey

---

[1]  Shivone also has attached the affidavits of Correctional Officers Thomas Ford and Wilfredo Malave, two eyewitnesses who state that Shivone's affidavit accurately describes the events of September 24, 2006.  <u>See</u> Aff. of Thomas Ford, attached to Mot. at Ex. 2; Aff. of Wilfredo Malave, attached to Mot. at Ex. 3.

[2]  According to Shivone, "there was no documentation of any prior problems between [Plaintiff] and his intended cell mate."  Aff. of David Shivone ¶ 4.

Shivone's repeated verbal commands and stated "that force would have to be used to remove him from his cell." Id. ¶ 5. When Plaintiff put his arms and foot through the cell bars to prevent the door from being opened, Shivone unsuccessfully attempted to push his arms and foot back through the bars. Id. ¶¶ 6-7. At some point during the incident, another officer was able to handcuff Plaintiff's left wrist, but "[t]he handcuff was never so tight as to cause any injury." Id. ¶ 9. The handcuffs were later removed without any injury to Plaintiff. Id. Because Shivone was unable to remove Plaintiff from his cell, he requested the assistance of the Cell Extraction Unit, a team of specially trained officers equipped with various tools to remove reluctant inmates from their cells. Id. ¶ 10. When the Cell Extraction Unit arrived, Plaintiff cooperated and was transferred without further problems. Id. ¶ 12. At no time during the incident did Shivone strike Plaintiff "with handcuffs or any other object." Id. ¶ 11.

Because Plaintiff has failed to contest any of Shivone's evidence with evidence of his own, the Court is required to accept as true all facts asserted in the Motion that have evidentiary support. See Reynolds, 246 F. Supp. 2d at 453. While many allegations in the Complaint conflict with Shivone's assertions, Plaintiff's allegations are entitled to no weight on summary judgment. As the Third Circuit has explained, "summary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006) (citing Jersey Cent. Power & Light Co. v. Lacey Twp., 772 F.2d 1103, 1109-10 (3d Cir. 1985)).

Because the Court is required to accept Shivone's version of the incident, it finds that the use of force in this case did not violate the Eighth Amendment. First, Plaintiff's own behavior

necessitated the use of force when he refused to comply with Shivone's commands and used his arms and foot to barricade himself in his cell. Second, there is no evidence in the record to support Plaintiff's allegation that his toe was broken. See Aff. of Karen L. Murphy, attached to Mot. at Ex. 4 (noting that the toe in question was "slightly swollen" and that Plaintiff "was able to stand and ambulate without difficulty" with the toe taped "for comfort"). According to the record evidence, the only other injury Plaintiff sustained was a "superficial abrasion" on his left cheek. Id. Plaintiff's unsupported allegations of excessive force and serious injury are contradicted by the unchallenged evidence in the record showing that his own behavior necessitated the use of minimal force to pry his arms and foot away from the cell door. In short, Plaintiff suffered minor injuries due to his own misconduct, not the use of excessive force.

## IV.  CONCLUSION

By failing to support any of his pleading allegations with evidence, Plaintiff has not established the existence of a genuine issue of material fact for trial. Accordingly, the Motion will be granted.[3] An appropriate Order follows.

---

[3] Approximately a month and a half after the instant Motion was filed, Plaintiff filed a separate motion requesting the appointment of counsel. Because the Court finds that this action is meritless, his request for counsel will be denied. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (explaining that in deciding whether to appoint counsel, the merits of the plaintiff's claim must be considered "as a threshold matter").